IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWIN F. VARGAS,** | : | No. 3:24-CV-0492 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **LIONEL PIERRE, *et al.*,** | : | |
| Defendants | : | |

FILED
SCRANTON
OCT 07 2025
PER _JKC_
DEPUTY CLERK

## MEMORANDUM

Plaintiff Edwin F. Vargas initiated the above-captioned *pro se* action under 42 U.S.C. § 1983,[1] alleging constitutional violations by officials at Dauphin County Prison (DCP) in Harrisburg, Pennsylvania. Following two rounds of statutory screening, his claims have been winnowed to a single conditions-of-confinement claim against Correctional Officer Emerich.[2] Because Vargas has failed to prosecute his case, the court will dismiss this action with prejudice.

## I. BACKGROUND

Vargas lodged his *pro se* Section 1983 complaint on March 21, 2024. (Doc. 1). The following month, after Vargas had submitted the requisite

---

[1] Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002).

[2] Although Vargas identified this defendant's last name as "Emmrich," the correct spelling of the officer's last name is "Emerich." (See Doc. 23). The court will use the correct spelling herein.

documentation for his motion to proceed *in forma pauperis*, the court screened his complaint pursuant to 28 U.S.C. § 1915A(a) and dismissed his lawsuit for failure to state a claim upon which relief may be granted. (See generally Docs. 7, 8). The court granted Vargas leave to amend. (See Doc. 8 ¶¶ 5, 7).

Vargas timely filed an amended complaint. (Doc. 10). The court promptly screened that amended pleading and dismissed most of Vargas's Section 1983 claims with prejudice for failure to state a claim. (See generally Docs. 15, 16). The court granted Vargas leave to file a second amended complaint and admonished that if he failed to do so, the case would proceed only as to his individual capacity Fourteenth Amendment conditions-of-confinement claim against Emerich. (See Doc. 16).

Vargas did not file a second amended pleading, so on August 9, 2024, the court terminated the other defendants and ordered service on Emerich—the only remaining defendant in the case. (See Doc. 17). Emerich timely waived service, (Doc. 23), and filed an answer, (Doc. 24). The following week, the court issued a case management order establishing the fact discovery and dispositive motion deadlines. (Doc. 25).

On April 11, 2025, counsel for Emerich served Vargas with a first set of interrogatories and requests for production of documents. (See Doc. 45-1). On May 8, 2025, counsel for Emerich traveled to Dauphin County Prison to depose

Vargas, but Vargas largely refused to participate in the deposition, claiming that he was represented by an attorney. (See Doc. 45 at 3). No attorney, however, had entered their appearance in this matter on Vargas's behalf. Counsel for Emerich adjourned the deposition out of an abundance of caution to give Vargas time to communicate with the attorney whom he believed was representing him. (See id.).

On August 8, 2025, Emerich moved to extend the case management deadlines, advising the court that Vargas had failed to respond to the first set of interrogatories and requests for production of documents and that his deposition could not be rescheduled because his whereabouts were unknown. (See Doc. 37). Around that same time, the court received correspondence that had been mailed to Vargas "return to sender," indicating that Vargas had been released from DCP and left no forwarding address. (See Doc. 36). The court granted Emerich's motion to extend the case management deadlines and expressly informed Vargas that he must respond to Emerich's interrogatories and requests for production of documents within 21 days. (Doc. 38). Vargas was also directed to update his mailing address so that his deposition could be rescheduled. (See id.). The court further warned Vargas that failure to comply with these basic discovery requests may result in dismissal of his case with prejudice for failure to prosecute. (Id. (citing Stubbs v. Bank of Am. Corp., 283 F.R.D. 218, 220-22 (D.

3

Del. 2012) (holding that pro se litigant's refusal to attend his deposition was grounds for dismissal under Federal Rule of Civil Procedure 37(d) and for failure to prosecute under Rule 41(b)))).

The August 29, 2025 deadline came and went without any response from Vargas. Counsel for Emerich, however, independently determined that Vargas had been transferred to SCI Camp Hill, and thus rescheduled the deposition. (See Doc. 39 ¶ 5). On September 8, 2025, counsel for Emerich appeared at Vargas's new facility of incarceration (SCI Camp Hill) for the rescheduled deposition. During the deposition, Vargas repeatedly stated that he did not respond to Emerich's discovery requests because he did not want to move forward with his lawsuit. (See Doc. 45-3 at 6, 8, 11, 14).

Thus, on September 12, 2025, Emerich filed the instant motion to dismiss for lack of prosecution. (Doc. 44). To date, Vargas has not responded to this motion, and the time in which to do so has passed. Emerich's motion, therefore, is deemed unopposed. See LOCAL RULE OF COURT 7.6. For the following reasons, the court will grant Emerich's unopposed motion to dismiss for failure to prosecute.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action if "the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil

4

Procedure] or a court order." FED. R. CIV. P. 41(b). A defendant may move to dismiss under Rule 41(b), see id., but district courts also have inherent power to dismiss an action *sua sponte* for failure to prosecute. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). When determining whether to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, the court must balance six factors set forth in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). Those factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868 (emphasis omitted). However, Poulis does not provide a "magic formula" or "mechanical calculation" for dismissal of a complaint for failure to prosecute, Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992), and not all the Poulis factors must be satisfied to warrant dismissal, see United States v. Brace, 1 F.4th 137, 143 (3d Cir. 2021). The court will take each factor in turn as it relates to the case at bar.

First, the only party responsible for the nonprosecution of this case is Vargas. The defendants have, in all instances, acted diligently and within the timeframes provided by the Federal Rules of Civil Procedure and this court. Nor

can Vargas blame an attorney, as he is representing himself. When a plaintiff is acting *pro se*, he is "solely responsible for the progress of his case." Briscoe v. Klaus, 538 F.3d 252, 258-59 (3d Cir. 2008). This first factor, therefore, weighs in favor of dismissal.

The second factor considers prejudice to the defendant. Emerich is clearly prejudiced here, as he has not received responses to his interrogatories and requests for production of documents, which frustrates his ability to defend against Vargas's allegations. There is also prejudice here because the longer this case is delayed, the more likely it is that memories will fade and evidence will grow stale. See id. at 259. Moreover, Emerich's ability to file a potentially dispositive motion for summary judgment under Federal Rule of Civil Procedure 56 is unfairly hindered by Vargas's refusal to participate in basic discovery. Consequently, the second Poulis factor also cuts in favor of dismissal.

The court next considers whether there is a history of dilatoriness. Vargas has frequently failed to respond to Emerich's motions and court orders, failed to update his address, and has not responded to written discovery requests. This type of extreme dilatoriness weighs in favor of dismissal. See id. at 260 (noting that "[e]xtensive" delay or delinquency can constitute a history of dilatoriness).

In light of the fact that Vargas has been informed of his duties to respond to written discovery and to update his address, and because counsel for Emerich

6

independently determined that Vargas had been transferred to a different prison and then served all relevant documents on Vargas at that facility, it is evident that Vargas's failure to prosecute is willful. This intentional failure to prosecute is further reflected in Vargas's deposition responses, wherein he repeatedly stated that he desired to dismiss this case. This fourth factor, therefore, weighs heavily in favor of dismissal.

Regarding availability of alternative sanctions, there do not appear to be any. See id. at 262-63. The instant action cannot proceed without Vargas's involvement, and dismissal is the only viable sanction because Vargas is indigent and acting *pro se* and is refusing to participate in the litigation of his remaining conditions-of-confinement claim. Thus, this Poulis factor likewise favors dismissal.

Finally, the court must consider the meritoriousness of Vargas's conditions-of-confinement claim. It is possible that Vargas could succeed on this remaining Fourteenth Amendment claim, provided that he actually prosecutes his case. His allegations, if taken as true and able to be supported by admissible evidence, could establish a constitutional violation. See id. at 263 (explaining that whether a claim has merit is generally judged against the Rule 12(b)(6) standard). Thus, this last factor cuts marginally in Vargas's favor.

The <u>Poulis</u> factors, when balanced, clearly militate in favor of dismissal. Five out of six factors support dismissal, and only one factor leans slightly in Vargas's favor. Additionally, the court would be remiss if it did not specifically note that Vargas has not opposed the instant motion to dismiss for lack of prosecution and repeatedly told defense counsel during his deposition that he wants to dismiss this lawsuit. Accordingly, the court will dismiss with prejudice the remaining Fourteenth Amendment conditions-of-confinement claim against Emerich for failure to prosecute.

## III. CONCLUSION

Based on the foregoing, the court will grant Emerich's motion to dismiss for lack of prosecution. Vargas's remaining individual capacity Fourteenth Amendment conditions-of-confinement claim against Emerich will be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. An appropriate Order follows.

Date: 10/7/25

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court